----------O----------

No. 4724.

Court of Appeal, Parish of Orleans.

SUCCESSION OF GABE LAWRENCE AND WIFE.

ON MOTION TO DISMISS.

1. An appeal is timely, if filed within three judicial days after the return day.
2. Where the appeal is not from a money judgment but from one vacating an appointment, the judge fixes the amount of the bond in such sum as he deems sufficient.
3. The suggestion that the appeal is frivolous appertains to the merits and will not be considered on a motion to dismiss.

Appeal from Civil District Court, Division "D."

Jas. J. McLaughlin, Attorney for Succession and Appellant.
J. Q. Flynn, Attorney for Appellee.

ESTOPINAL, J. Appellee moves to dismiss on three grounds:

1st, That the return day was Monday, February 8th, and

the record was not lodged here until February 16th.

The appeal was timely, appellant having three judicial days, of grace after the return day.

2nd, That the bond is insufficient and not in accordance with, law.

The appeal is not from a money judgment and the bond of appeal in such cases is properly fixed by the trial judge, for such sum as he deems sufficient.

3rd, That the appeal is frivolous.

This appertains to the merits and will not be considered on a motion to dismiss.

Motion denied.

February 24, 1909.

## ON THE MERITS.

A case will be remanded when it shall appear that the circumstances of the application are extraordinary and exceptional, and the ends of justice require remanding.

ESTOPINAL, J. Gabe Lawrence died in this city, intestate, on July 19, 1908, and his wife, Harriet Collins Lawrence, died in this city intestate, on July 22, 1908.

On July 27, 1908, Martha Henderson, a sister of Gabe Lawrence, applied for and secured letters of administration. In her petition for letters of administration she averred that the decedents had left but one child, a minor, Susie Lawrence, who was in prison, charged by the constituted authorities with causing the death of her said parents by poisoning, and that said Susie Lawrence, if convicted, would be disinherited by law. The further allegation is made that the only other relatives left by the decedent, Gabe Lawrence, are three sisters besides herself. It is further averred that Harriet Collins Lawrence left no relatives.

Notice of the application of Martha Henderson was made, and every other requisite of the law was observed.

On August 10, 1908, Susie Lawrence, only child of the decedents, filed an opposition to the appointment of Martha Henderson as administratrix of above named succession, claiming a better right to said appointment, being the only legal heir of her parents and that she had not been convicted of the

—320—

murder of her parents, and that until so convicted she is entitled to the administration of their estate. This oposition was, in due course tried and dismissed, and letters issued to Martha Henderson, who qualified and proceeded to administer the succession.

On October 3, 1908, Clara Fields, as a friend of Susie Lawrence, filed in behalf of the latter a petition in which she averred that save and except a mortgage (not yet due), which bore on certain real estate left by the decedents, the succession had no debts, and that the order issued Martha Henderson, administratrix, for the sale of certain movable and immovable property to pay debts, had issued improvidently and should be rescinded.

The order for the sale of the property was accordingly rescinded. The contest for the adminstration of the estate continued until finally on January 7, 1909, judgment was rendered decreeing that the judgment signed September, 1908, appointing Martha Henderson administratrix of this succession be annulled and vacated, and that said Martha Henderson be discharged from the office of adminstratrix, and ordering said Martha Henderson to deliver to Susie Lawrence, recognized as the sole heir of the decedents, all of the property and effects of the succession, and Susie Lawrence, by the judgment, is sent into possession of all the property left by her deceased parents.

From this judgment Martha Henderson has appealed, the appeal bond being filed on January 29, 1909.

On February 15, 1909, Susie Lawrence, the appelle, filed a motion to dismiss the appeal on the ground that the return day fixed by the District Court for the filing of the record was the 8th of February, and that appellant filed said record only on the 10th, two full days later, that the bond was insufficient, and finally that the appeal was frivolous.

We have already disposed of this motion in an opinion handed down on February 24, 1909, in which the motion is denied.

Thereupon, on March 15, 1909, the Public Administrator filed a motion in this court in which he recites the facts in connection with the trial of Susie Lawrence, urging her unworthiness to participate in the estate of her deceased parents, and averring that Harriet Collins Henderson, having no heirs

—321—

who appear of record as claiming her succession, the State of Louisiana is the only heir and is interested in the result of this suit and should have the opportunity of having its rights considered, and hence asks that the cause be remanded to the District Court in order that evidence be heard to establish the claim of the State, having already ben filed in the District Court.

On April 22, the appellant, Martha Henderson, also filed a motion asking that the appeal herein be dismissed and the cause remanded, in order that the issues raised by the State of Louisiana may be disposed of.

Considering the facts and circumstances disclosed by this record, we deem it not only proper, but necessary, that the cause be remanded to the District Court for further trial in order to determine the rights of parties at interest.

The judgment appealed from is set aside and this case is remanded to court a qua for all further proceedings which it may deem proper, all costs of suit to await its final determination.

Remanded.

May 3, 1909.

Rehearing refused June 1, 1909.

Writ refused by Supreme Court July 6, 1909.

———o———

No. 4688.